UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| PHILLIP GUIDRY | NO.  18-141-NJB-JVM |

**MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE**

MAY IT PLEASE THE COURT:

1. **Factual background.**

On March 2, 2018, state and local law enforcement officers arrested the defendant pursuant to an out of state arrest warrant for a felony firearm violation.  Armed with the knowledge that he had previously been convicted of at least one felony, some of the officers approached his wife, miles away at her place of employment, in order to attempt to secure her permission for a warrantless search of the family home near Loranger, Louisiana.  The defense suspects that securing one or more firearms at that home, which the officers could attribute as having been possessed by the defendant, would lead to additional, potential charges for possession by a convicted felon.  That is precisely what happened with charges first being brought in 21st Judicial District Court, *State of Louisiana v. Phillip Guidry*, No 1800843, Section F.  After the federal indictment on June 28, 2018, the state dismissed its charges on July 11, 2018.

The defendant maintains the purported consent to search the family home was not obtained voluntarily from the defendant's wife, but was the product of coercive tactics and the veiled threat of prosecution of her since she, herself, was a convicted felon.

2. **The burden of proof in a warrantless search.**

Where a defendant's home has been subjected to a warrantless search, the Government bears the ultimate burden of proving justification to have conducted the search without a warrant. *United States v. Garcia-Lopez*, 809 F.3d 834, 838 (5th Cir. 2016), citing *United States v. De La Fuente*, 548 F.2d 528, 533 (5th Cir. 1977). See also *United States v. Waldrop*, 404 F.3d 365, 368 (5th Cir. 2005), citing *United States v. Guerrero-Barajas*, 240 F.3d 428, 432 (5th Cir. 2001) (search of an automobile, but same principle of burden shifting to the Government to prove consent); *United States v. Hankton*, 2016 WL 929328 *3 (EDLA 2016) (Judge Feldman, citing *De La Fuente* in a photo-identification issue, but same principle); *United States v. Solorzano*, 2010 WL 5055992 *2 (EDLA 2010) (Judge Vance, citing *Waldrop* in a residence search case); *United States v. Stewart*, 2018 WL 3493085 *3 (MDLA 2018) (CJ Jackson, citing *Waldrop*); *United States v. Lara*, 2015 WL 4193138 *6 (MDLA 2015) (Judge deGravelles in a stopped bus case, but referencing the burden-shifting principal to the Government to show defendant's consent or that from a third party who had the ability to furnish valid consent).

**3. Consent must be freely and voluntarily given to excuse a warrantless search.**

A warrantless search, though presumptively unreasonable, may be justified under the consent exception to the warrant requirement of the Fourth Amendment. *Fernandez v. California*, 571 U.S. 292, 298; 134 S.Ct. 1126, 1132 (2014). However, when the United States seeks to rely upon consent to justify a warrantless search, even when adopting the actions of state agents or local police, as in this case, it has the burden of proving that the consent was given freely and voluntarily. *Schneckloth v. Bustamonte,* 412 U.S. 218, 248-49; 93 S.Ct. 2041, 2059 (1973).

Within the Fifth Circuit Court of Appeals, voluntariness of consent to search without a warrant depends on six factors, no single one of which is controlling. Those six factors are: (1) the

2

voluntariness of the defendant's custodial status (or that of the third-party giving consent); (2) the presence of coercive police procedures; (3) the extent and level of the defendant's cooperation with police (or that of the third-party giving consent); (4) the defendant's (or third party's) awareness of his or her right to refuse consent; (5) the defendant's (or third party's) education and intelligence; and (6) the defendant's (or third party's) belief that no incriminating evidence will be found. *United States v. Blevins*, 755 F.3d 312, 326 (5th Cir. 2014); *United States v. Rounds*, 749 F.3d 326, 338 (5th Cir. 2104); *United States v. Kelley*, 981 F.2d 1464, 1470 (5th Cir. 1993). See also *United States v. Mendez*, 431 F.3d 420, 429 (5th Cir. 2005), citing *Schneckloth v. Bustamonte* and *United States v. Tompkins*, 130 F.3d 117, 121, and footnotes 15-16 (5th Cir. 1997). See also *United States v. Dilley*, 480 F.3d 747, 749, fn 6 (5th Cir. 2007); *United States v. Serrano*, 193 F.3d 517 *2 (5th Cir. 1999).

The validity of the consent depends on whether or not it was free of duress or coercion, either express or implied. *State v. Linkletter,* 345 So.2d 452 (La.1977), *cert denied*, *Linkletter v. Louisiana,* 434 U.S. 1016, 98 S.Ct. 733 (1978). As Judge Vance said in *Solorzano*, citing *Mendez*, courts must look to the totality of the circumstances and any misrepresentation by the government is a factor to be considered. 2010 WL 5055992 at *2. Several misrepresentations were made and several deceitful tactics were undertaken by the officers.

**4. What the officers did in this case to force consent.**

At a hearing, the evidence will show a surprise visit to Mrs. Guidry at her place of business by officers in the investigation. They told her that her husband has been arrested and that he had told them everything, which is a misrepresentation, since, in fact, upon arrest, and at booking, he only made general remarks about his religious and political beliefs, but did not admit possessing any firearms at his home.

3

Meanwhile, at her place of employment, the officers told Mrs. Guidry several times that they needed to get into the home. Knowing that she and her husband owned several large dogs, the recording reflects the officers told her a number of times they did not want to hurt her dogs. They told her they did not want to cut her fence, bash in a door to get into her house, or shoot her dogs.

While reminding her that she, herself, was a convicted felon, the officers repeatedly told her they did not want to involve her. In fact, when she asked if they were going to detain her, the officers said they were not going to "take her in," and they were not trying to trick her into doing something and then arrest her. They continually stressed that they needed and wanted her cooperation, but also reminded her that she needed to work and take care of her child, a veiled threat that she could lose her liberty if she did not cooperate. We note that a threat to deprive a person of her children can be considered coercion sufficient to invalidate consent. *Lynumn v. Illinois*, 372 U.S. 528, 83 S.Ct. 917 (1963); *United States v. Tingle*, 658 F.2d 1322, 1335-36 (9th Cir. 1981); *United States v. Casby*, 2013 WL 3007166 *15 (EDLA 2013) (Judge Fallon not finding improper coercion in his case, but noting the jurisprudence of threats preying on parental instincts).

Despite reminding her that she was a convicted felon, the officers did not advise her of her constitutional rights. She was not told she was free to go or to terminate the interview, and she was fearful that she was going to be arrested. No reasonable person, perhaps especially a woman, confronted by two male law enforcement officers who announced they had just arrested her husband, would have felt free to leave during such an encounter.

The officers did not inform Mrs. Guidry that she did not have to give them consent to search her home. While alone not dispositive, the failure to do so can be a factor for the Court to consider in determining coercion. *United States v. Jenkins*, 46 F.3d 447, 452 (5th Cir. 1995). Moreover, no

4

exigent circumstances justified the failure to try to obtain a warrant (even though we maintain the officers lacked probable cause to have obtained one), since Phillip Guidry had been arrested and the officers knew Mrs. Guidry was at work. They would have had ample time to try to secure a search warrant with the homeowners away. *United States v. Morales*, 171 F.3d 978, 982 (5th Cir. 1999).

We believe a hearing will demonstrate that only after Mrs. Guidry had opened the gate to the property, secured her dogs in their respective kennels, allowed the officers into her home, and showed them where several guns were located, did the officers ask her to sign both the consent to search and statement of rights forms. While Mrs. Guidry may have consented to a search of her home, the cumulative effect of such overbearing police conduct should result in a finding by this Honorable Court that the consent to search was not obtained voluntarily from the defendant's wife, but was the product of coercive tactics.

5. **Any statements or other evidence derived after the forced consent to search should be suppressed as "fruits of the poisonous tree".**

The exclusionary rule extends to all evidence which is the fruit of an illegal search or arrest. *Wong Sun v. United States*, 371 U.S. 471 (1963). Although this Honorable Court's decision to suppress evidence was reversed in *United States v. Toussaint*, 836 F.3d 503 (5th Cir. 2016), that decision is clearly distinguishable by the exigent circumstances of a vehicular stop, following a threat on the defendant's life, which had been uncovered during a wiretap.

This Court's original decision correctly cites the law which is applicable to this case. All evidence derived from the exploitation of an illegal search or seizure must be suppressed, unless the Government shows a break in the chain of events sufficient to refute the inference that the evidence was a product of a Fourth Amendment violation. *United States v. Toussaint*, 117 F.Supp.3d 822,

5

849 (EDLA 2015), citing at footnote 290, *United States v. Jones*, 234 F.3d 234, 243-44 (5th Cir. 2000). Note that *Jones* is abrogated, in part, on other, unrelated grounds, those pertaining to relatively minor inconsistent stories no longer being pivotal in determining the prolongation of a traffic stop. See *United States v. Pack*, 612 F.3d 341, 358-60 (5th Cir. 2010) and as so recognized in *United States v. Perales*, 886 F.3d 542, 547 (5th Cir. 2018). Just as this Court did, *Jones* continues to be cited for suppression of evidence under the fruit of the poisonous tree. *United States v. Thibodeaux*, 276 Fed.Appx. 372, 380-81 (5th Cir. 2008); *United States v. Waller*, 105 F.Supp.3d 683, 700-01 (WDTX 2015).

In this case, the United States will be unable to show that any subsequent interview of the defendant or his wife, or any other, subsequent seizure of evidence was not tainted by the coercive tactics of the police when they interviewed Mrs. Guidry on March 2, 2018, and gained entry to her home. Because the United States cannot prove that Mrs. Guidry freely and voluntarily consented to the search of the family home, the evidence must be suppressed.

**6. Conclusion.**

WHEREFORE, and after a hearing has been conducted on this matter, we respectfully urge the evidence seized from the defendant's home on March 2, 2018 and thereafter, and the statements he or his wife may have subsequently made be suppressed.

| Respectfully Submitted: | Respectfully Submitted: |
|---|---|
| **MANASSEH, GILL, KNIPE & BÉLANGER, P.L.C.** | **MANASSEH, GILL, KNIPE & BÉLANGER, P.L.C.** |
| s/ James P. Manasseh | s/ W. Robert Gill |
| JAMES P. MANASSEH | W. ROBERT GILL |
| Louisiana Bar No. 19022 | Louisiana Bar No. 20557 |
| Attorney for Defendant | Attorney for Defendant |
| 8075 Jefferson Hwy. | 8075 Jefferson Hwy. |
| Baton Rouge, LA 70809 | Baton Rouge, LA 70809 |
| (225) 383-9703 (Telephone) | (225) 383-9703 (Telephone) |
| (225) 383-9704 (Facsimile) | (225) 383-9704 (Facsimile) |
| s/ André Bélanger | s/ Ian F. Hipwell |
| ANDRÉ BÉLANGER | IAN F. HIPWELL |
| Louisiana Bar No. 26797 | Louisiana Bar No. 06947 |
| Attorney for Defendant | Attorney for Defendant |
| 8075 Jefferson Hwy. | 8075 Jefferson Hwy. |
| Baton Rouge, LA 70809 | Baton Rouge, LA 70809 |
| (225) 383-9703 (Telephone) | (225) 383-9703 (Telephone) |
| (225) 383-9704 (Facsimile) | (225) 383-9704 (Facsimile) |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

PHILLIP GUIDRY

CRIMINAL ACTION

NO.  18-141-NJB-JVM

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE with the Clerk of Court by using the CM/ECF which will send a notice of electronic filing to opposing counsel in the United States Attorney's Office.

Baton Rouge, Louisiana this 10th day of August, 2018.

s/ James P. Manasseh
JAMES P. MANASSEH


s/ W. Robert Gill
W. ROBERT GILL


s/ André Belanger
ANDRÉ BÉLANGER


s/ Ian F. Hipwell
IAN F. HIPWELL

8