**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA**

**VERSUS**

**PHILLIP GUIDRY**

**CRIMINAL ACTION**

**NO.  18-141-NJB-JVM**

**UNOPPOSED MOTION TO CONTINUE SUPPRESSION HEARING DATE,
PRETRIAL CONFERENCE, AND TRIAL DATES; AND TO INTERRUPT TIME
WITHIN WHICH TRIAL MUST COMMENCE UNDER THE SPEEDY TRIAL ACT**

NOW INTO COURT come undersigned counsel with the law firm of MANASSEH, GILL, KNIPE & BÉLANGER, P.L.C., attorneys for defendant, Phillip Guidry, who respectfully request continuance of the pretrial conference and trial dates set forth in the Court's Order, Document 19, as well as continuance of the required Notice of Submission date for a motion, now set for  September 6, 2018.  We also submit continued interruption of the 70-day time within which trial must commence under terms of the Speedy Trial Act will be justified because failing to grant such a continuance: (1) would result in a "miscarriage of justice"; (2) would deny continuity of counsel for the defendant; and (3) would "deny counsel for the defendant reasonable time for effective preparation, taking into account the exercise of due diligence."  In support we represent as follows:

1.

Before this Honorable Court reset the trial date in this matter to November 5, 2018, a conflict had been created by  retrial of *United States v. Daniel Davis*, 3:16-cr-00124-JWD, set for the same day by Judge John deGravelles, here in the Middle District of Louisiana.  Undersigned Hipwell is appointed under the Criminal Justice Act, and the defendant wishes to proceed to trial.

2.

Until the afternoon of August 24, 2018, Judge deGravelles had most recently set the pretrial conference in the *Davis* trial to October 25, 2018, at 12:30 pm, which would have made an appearance at 2:00 pm on the same date for the Guidry pretrial impossible to make.  However, in document 204, Judge deGravelles has now moved his pretrial conference date and time forward to Tuesday, October 30, 2018, at 12:30 pm.  Nevertheless, with a suppression motion now pending before this Court, and with a clear conflict in the trial date of November 5, 2018, we respectfully suggest a later pretrial conference date would be preferable, after resolution of that motion.

3.

Finally, regarding the suppression motion, as AUSA Sinkman and undersigned have discussed, I am also one of two CJA-appointed attorneys for codefendant Romero in *United States v. Machado and Romero*, 3:15-cr-00032-JWD, set for a pretrial conference at 2:00 pm on September 6, 2018, before Judge deGravelles.  Trial is set for September 24, 2018 (the original date for the Guidry trial), and is expected to last into a second week.  This Court's Order, Document 19, does not directly address the previous Notice of Submission date, set for 10:00 am, September 6, in Guidry.  Both AUSA Sinkman and I agree and request the Court re-schedule that hearing date to another day.  Coincidentally, as AUSA Sinkman explains, under EDLA local rules, doing so would also postpone the date his Response to the Motion is due, which is currently early this week.

4.

Assuming the Court might be willing to accommodate each counsel's other scheduling conflicts, but also mindful that the Court's schedule will ultimately control, AUSA Sinkman and undersigned submit the following information to the Court. The result is a suggestion to postpone all

matters until after December 5, 2018.

5.

Mr. Sinkman reports he has conflicts the last two weeks in November, and is out for religious holidays September 10 and 11, 2018, and September 17-19, 2018. He also has a two-week trial scheduled for January 2019. Finally, he reports his calendar is free the month of December, after December 5, 2018.

6.

In addition to the conflicts noted above in the Davis case, of a pretrial conference October 30, 2018, and trial of November 5, 2018, undersigned has the following conflicts: trial before Judge Lance Africk, substituting for deceased Judge James Brady, in *United States v. Scott, et.al.,* 3:17-cr-00152-LMA, MDLA, October 9, 2018, (probably two days); *United States v. Jason Muse, et. al.,*3:17-cr-00013-JWD, MDLA, week of October 22, 2018, a drug trial for several remaining defendants, in which I represent Mr. Muse, who has pled guilty and is likely to be called as a witness; *United States v. Codi Dodge*, a police, deprivation of rights trial in WDLA, Lafayette, before Judge Elizabeth Foote the week of October 29, 2018, in which I am CJA-appointed to represent a testifying codefendant witness (uncertain when he will be called).

7.

While normally not expecting sympathy for a brief due to the Fifth Circuit, I must file one before October 15, 2018, which will likely be one of the first cases in our circuit after the Supreme Court decision, *Byrd v. United States*, 138 S.Ct. 1518 (2018), to explore standing of a non-renting occupant and driver of a police-stopped vehicle. Coming soon after the *Machado and Romero* trial (September 24) and immediately after the *Scott* trial (October 9), combined with my other competing

cases and with AUSA Sinkman's conflict the last two weeks of November, I submit "continuity of cousel" will be implicated if we try to have the suppression hearing sooner than December.

8.

Title 18, U.S.C. §§ 3161(h)(7)(B)(i) and (iv) allow for interruption of the Speedy Trial Act clock when failing to do so would, respectively, result in a "miscarriage of justice," or deny "continuity of counsel" for either party, or "reasonable time necessary for effective preparation, taking into account the exercise of due diligence" for either party.

9.

The defendant submits failing to grant a continuance of all dates, including the suppression hearing date until December 2018 would result in a "miscarriage of justice," would deny "continuity of counsel" for the defendant, and would deny counsel for the defendant "reasonable time necessary for effective preparation, taking into account the exercise of due diligence." See Title 18, U.S.C. § 3161(h)(7)(B)(i) and (iv).

10.

Granting a continuance would serve the ends of justice and taking such action would "outweigh the best interest of the public and the defendant in a speedy trial." Title 18, U.S.C. § 3161(h)(7)(A).

11.

AUSA Sinkman waives all objectives to the proposed delay. He suggests after December 5, 2018, could be a time to accommodate at least the suppression hearing.

WHEREFORE, Phillip Guidry, defendant herein, respectfully requests: (1) The suppression hearing be re-set to a day after December 5, 2018; (2) Trial be re-set to a later date; (3) Pretrial

conference be re-set to a later date, moreover we suggest interruption of the Speedy Trial Act clock requirement that trial commence within 70 days is necessary: (1) to prevent a miscarriage of justice; (2), to afford continuity of counsel because of the defense counsel's schedule; and (3) not to do so would deny counsel for the defendant reasonable time for effective preparation, taking into account the exercise of due diligence.  Furthermore, defendant requests a finding that such a continuance meets the ends of justice, outweighing the best interests of the public and the defendant in a speedy trial, in accordance with Title 18, United States Code, Section 3161(h)(7)(A), and that the delay resulting from such a continuance should be excluded in computing the time within which the trial must commence.

        Respectfully Submitted:

        s/ Ian F. Hipwell
        IAN F. HIPWELL
        Louisiana Bar No.  06947
        Attorney for Defendant
        8075 Jefferson Hwy.
        Baton Rouge, LA  70809
        (225) 383-9703 (Telephone)
        (225) 383-9704 (Facsimile)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| | **CRIMINAL ACTION** |
| **VERSUS** | |
| | **NO.  18-141-NJB-JVM** |
| **PHILLIP GUIDRY** | |

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that I filed the foregoing MOTION TO CONTINUE SUPPRESSON HEARING DATE: PRETRIAL CONFERENCE AND TRIAL DATES; AND TO INTERRUPT TIME WITHIN WHICH TRIAL MUST COMMENCE UNDER THE SPEEDY TRIAL ACT with the Clerk of Court by using the CM/ECF which will send a notice of electronic filing to opposing counsel in the United States Attorney's Office.

    Baton Rouge, Louisiana this 27th day of August, 2018.

                                                                                   s/ Ian F. Hipwell
                                                                                   IAN F. HIPWELL